FILED
United States Court of Appeals
Tenth Circuit

August 6, 2026

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SCANNELL PROPERTIES #516,
LLC; SCANNELL PROPERTIES
#673, LLC,

      Plaintiffs - Appellants,

v.

CITY OF EDWARDSVILLE,
KANSAS; CAROLYN CAIHARR;
CAMILA ADCOX; MARGARET
SHRIVER; MARK BISHOP;
MICHAEL MOULIN,

      Defendants - Appellees.

No. 25-3123

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 2:24-CV-02604-JWB-BGS)**

_____

G. Edgar James (Matthew P. Clune and James M. Humphrey IV with him on the briefs), James Sobba, LLC, Kansas City, Missouri, for Plaintiffs-Appellants.

Brandon D. Mizner (Christopher Napolitano, with him on the brief), Ensz & Jester, P.C., Kansas City, Missouri, for Defendants-Appellees.

_____

Before **BACHARACH**, **KELLY**, and **FEDERICO**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal grew out of a request to enjoin enforcement of an ordinance. While the appeal has been pending, however, the ordinance has been repealed and replaced with a new version. Does the repeal and replacement of the original ordinance moot the appeal? We answer *yes*.

**1.    A neighboring city restricts the use of heavy trucks.**

This case involves neighboring cities, Bonner Springs and Edwardsville, which are divided by a street (110th Street).



In Bonner Springs, two businesses (Scannell Properties #516, LLC and Scannell Properties #673) opened an industrial warehouse and distribution center, which catered to truckers.

As the Scannell businesses expanded, Edwardsville enacted an ordinance banning vehicles weighing over six tons from traveling on 110th Street unless the vehicles were going in or out of Edwardsville. So heavy trucks couldn't enter or exit the Scannell businesses from 110th Street.

**Couldn't Enter**



**Couldn't Exit**



Objecting to these restrictions, the Scannell businesses sued the City of Edwardsville and city officials, claiming violations of federal and state law and requesting a preliminary injunction to prevent enforcement of the ordinance. In requesting a preliminary injunction, the Scannell businesses

3

invoked (1) the Surface Transportation Assistance Act, 49 U.S.C. § 31114; (2) the Equal Protection Clause; and (3) the Dormant Commerce Clause. The district court dismissed the claims involving these provisions and denied the motion for a preliminary injunction. But the court declined to dismiss the state-law claims against Edwardsville.[1]

The Scannell businesses appealed the dismissals and the denial of a preliminary injunction. Edwardsville then repealed the ordinance and replaced it with a new version allowing southbound trucks to turn right on 110th Street. But northbound trucks still couldn't turn left.



Appellants' Opposition to Defendants-Appellees' Second Motion to Dismiss, Ex. A; Defendants-Appellees' Second Motion to Dismiss at 3. And

---

[1]    The claims remain pending in district court. *See* Dist. Ct. Docket No. 123 (Scheduling Order, filed Apr. 20, 2026).

heavy trucks still couldn't exit the Scannell businesses by turning onto 110th Street.



So the Scannell businesses objected to the new ordinance.

## 2. Repeal and replacement of the original ordinance renders the appeal moot.

Given the repeal and replacement of the original ordinance underlying the request for a preliminary injunction, Edwardsville moves to dismiss the appeal as moot. An appeal becomes moot when a live controversy no longer exists. *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022).

### a. Suitability for Consideration

The Scannell businesses point out that

- the City of Edwardsville didn't present the district court with a mootness argument and

- the record doesn't contain the new ordinance.

The timing of the argument doesn't matter because a party can raise jurisdictional issues, like mootness, at any time. *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015). In any event, Edwardsville couldn't urge mootness in district court because the city hadn't repealed the original ordinance until after the Scannell businesses had appealed.

Given the timing of the new ordinance, it's not in the record. But the new ordinance is subject to judicial notice. *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503–04 (10th Cir. 1997).

So we can consider mootness despite the timing of the argument and the omission of the new ordinance in the record.

### b.    Harm from the New Ordinance

For mootness, the threshold issue is whether the appeal grew out of the same ordinance that governed when the proceedings were in district court. At that time, the original ordinance governed; but this ordinance no longer exists.

6

Granted, the Scannell businesses argue that they're still being harmed. But that alleged harm stems from the new ordinance, not the version that the district court addressed.[2]

This distinction matters. When the court ruled, the Scannell businesses had based their injury on an ordinance prohibiting heavy vehicles from going either way on 110th Street. So the Scannell businesses needed to show that their harm from this prohibition would outweigh the negative impact of an injunction against Edwardsville. *Colo. Motor Carriers Ass'n v. Town of Vail*, 153 F.4th 1052, 1057–58 (10th Cir. 2025). With repeal of the original ordinance, however, the necessary balancing would be different. The court would now need to balance the impacts from restrictions that allow southbound trucks to enter the Scannell properties by turning right. But the district court never had a chance to balance the impacts from the new set of restrictions. *See Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1070 (10th Cir. 2022) (stating that "we should permit 'the district court . . . to pass judgment on the matter first because we are a court of review, not first view'" (quoting *CGC Holding Co. v. Hutchens*, 974 F.3d 1201, 1216 (10th Cir. 2020))).

---

[2]    The proceedings in the district court are ongoing, and no one has addressed whether the Scannell businesses can file a new motion for a preliminary injunction to prevent enforcement of the new ordinance.

7

In other circumstances, replacement of an ordinance might not moot an appeal when the new version is so similar to the old one that the harm continues. *Kan. Jud. Rev. v. Stout*, 562 F.3d 1240, 1246–47 (10th Cir. 2009). But even then, we ordinarily regard appeals as moot when the challenged law changes in a material way, softening the alleged injury. *Id.*; *see also Am. Charities for Reasonable Fundraising Regul., Inc. v. O'Bannon*, 909 F.3d 329, 332–33 (10th Cir. 2018) (stating that fundamental changes in the disputed statute mooted the appeal even though the claimant had also challenged the validity of the new version).

For example, we addressed the impact of a statutory change in *Kansas Judicial Review v. Stout*, 562 F.3d 1240 (10th Cir. 2009). There the Kansas Code of Judicial Conduct prohibited state judicial candidates from making certain kinds of pledges and from personally soliciting support for their campaigns. *Id.* at 1243. The plaintiffs sought a preliminary injunction against enforcement of these prohibitions. *Id.* at 1244. While the appeal was pending, the Code was amended to add "significant narrowing language." *Id.* at 1245, 1247. We held that the amendments were "too fundamental to preserve our jurisdiction over" the challenge to the prior version of the code. *Id.* at 1247 (quoting *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

The same is true here. The Scannell businesses sought a preliminary

injunction in large part because the original ordinance had "ban[ned]" them

"from being able to access [their] [p]roperty with commercial vehicles."

Appellants' App'x vol. 1, at 52; *see also id.* at 58 (arguing that the original

ordinance was passed "solely for the purpose of preventing the" Scannell

businesses "from using the Property for industrial purposes"). But the new

ordinance allows heavy trucks to enter the Scannell businesses from 110th

Street. *See* pp. 4–5, above. Even though the Scannell businesses object to

some of the features in the new ordinance, the change moots the appeal,[3]

just as the statutory changes mooted the appeal in *Kansas Judicial Review*

*v. Stout* despite lingering complaints about the new version.[4]

---

[3]    In objecting to dismissal of the appeal, the Scannell businesses
haven't questioned the materiality of the change in the ordinance. So they
have waived an objection based on immateriality of the change. *Tomkins v.
U.S. Dep't of Veterans Affairs*, 16 F.4th 733, 735 n.1 (10th Cir. 2021). But
we consider it prudent to decide whether the new ordinance "is sufficiently
similar to the repealed [ordinance] that it is permissible to say that the
challenged conduct continues." *Citizens for Responsible Gov't State Pol.
Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (quoting
*Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*,
508 U.S. 656, 662 & n.3 (1993)); *see Medina v. Catholic Health Initiatives*,
877 F.3d 1213, 1227 n.6 (10th Cir. 2017) (stating that "waiver is a
discretionary doctrine, so we go ahead and more fully explain our
reasoning for the benefit of the parties").

[4]    We express no opinion on mootness of the underlying claims.

### c.     Exception for Voluntary Cessation

The Scannell businesses point out that we don't consider an appeal moot when a defendant voluntarily changes what it's doing in order to avoid review. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010). This principle springs from a concern that the defendant will renew the prior conduct and perpetually avoid legal challenges. *Smith v. Becerra*, 44 F.4th 1238, 1250 (10th Cir. 2022). But ordinances aren't easily manipulated that way. So we don't ordinarily apply this principle to the repeal of an ordinance. *Rio Grande*, 601 F.3d at 1116–17.

The Scannell businesses insist that Edwardsville showed a willingness to renew the original ordinance once the current litigation ends. For this argument, the Scannell businesses argue that Edwardsville has already revised the ordinance twice, leaving the city free to pass "a fourth Ordinance or fifth Ordinance, each more restrictive than the last." Appellants' Opposition to Defendants-Appellees' Second Motion to Dismiss at 2.

But each revision softened the problem for the Scannell businesses. For example, Edwardsville put a moratorium on the old ordinance while Edwardsville conducted a traffic study. Upon obtaining the preliminary results of the traffic study, Edwardsville repealed the ordinance and replaced it with a new version, which eased the restrictions by allowing

southbound trucks on 110th Street to turn into the Scannell properties. Given this history, we have little reason to fear reenactment of the original ordinance or tightening of the restrictions once the litigation ends. *See Camfield v. City of Okla. City*, 248 F.3d 1214, 1223–24 (10th Cir. 2001) (concluding that amendment of a state statute moots a challenge to the earlier version absent evidence that the legislature intended to reenact the prior version).

### d.    Possible Injunction Against a Statutory Violation

The Scannell businesses also argue that notwithstanding repeal of the ordinance underlying the suit, we can prohibit Edwardsville from violating the Surface Transportation Assistance Act. But the Scannell businesses haven't asked us for an injunction. *See* Fed. R. App. P. 8(a)(2) (discussing the requirements for an injunction pending an appeal). So our only role is to review the district court's denial of the request for a preliminary injunction. And that denial involved an ordinance that no longer exists.

### 3.    Vacatur and pendent appellate jurisdiction would be inappropriate.

Because the appeal is moot, we must dismiss the appeal. *Utah Shared Access All. v. Carpenter*, 463 F.3d 1125, 1134–35 (10th Cir. 2006). When an appeal becomes moot, we sometimes consider vacating the underlying order given the inability of the losing party to obtain appellate review. *Wyoming v. U.S. Dep't of Interior*, 587 F.3d 1245, 1254 (10th Cir. 2009).

11

Here, though, appellate jurisdiction hinged on the denial of a preliminary injunction. And we don't usually vacate orders pertaining to preliminary injunctions when appeals from those orders have become moot. *Fleming v. Gutierrez*, 785 F.3d 442, 448–49 (10th Cir. 2015). Given our general practice, we decline to vacate the ruling denying a preliminary injunction.

Apart from the denial of the preliminary injunction, the Scannell businesses ask us to review the dismissal of claims involving violation of the Surface Transportation Assistance Act, denial of equal protection, and violation of the Dormant Commerce Clause. But we could review these dismissals only by exercising pendent appellate jurisdiction. *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1171–72 (10th Cir. 2022). And we can't exercise pendent appellate jurisdiction when the underlying appeal is moot. *See Shinault v. Cleveland Cnty. Bd. of Cnty. Comm'rs*, 82 F.3d 367, 370–71 (10th Cir. 1996) (stating that we couldn't exercise pendent appellate jurisdiction because we lacked jurisdiction to review the denial of qualified immunity); *see also Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, 142 F.4th 1262, 1269–70 (10th Cir. 2025) (stating that the absence of jurisdiction under the collateral-order doctrine prevented us from exercising pendent jurisdiction over other interlocutory rulings). So we

12

lack pendent appellate jurisdiction over the dismissals. Absent any basis

for jurisdiction, we dismiss the appeal.[5]

---

[5]    Because we dismiss the appeal for lack of jurisdiction, we also deny all outstanding motions as moot.

**No. 25-3123, Scannell Properties #516, LLC v. City of Edwardsville**

**KELLY, Circuit Judge**, concurring.

I concur in the court's opinion except for Part 2.b where the court decides that the appeal is moot when comparing the "soften[ed]" harms of the new ordinance versus the harms of its predecessors. Ct. Op. at 8–9. I am unpersuaded because the cited cases are readily distinguishable and arguably support the opposite proposition—that the new ordinance is substantially similar to the old one given the harm alleged by Plaintiffs. In Kansas Judicial Review v. Stout, the plaintiffs' alleged injury was an "inchoate" chilling injury, and the changes to the code at issue "substantially reduce[d]" the risk of any potential future injury. 562 F.3d 1240, 1246–47 (10th Cir. 2009). And in American Charities for Reasonable Fundraising Regulation, Inc. v. O'Bannon, the state conceded that the new ordinance did not apply to the plaintiff, thereby rendering the dispute moot. 909 F.3d 329, 331–33 (10th Cir. 2018) (Bacharach, J.).

As the court's diagrams make exceedingly clear, Plaintiffs' alleged injury remains the same—their access to the property is restricted. Ct. Op. at 4–5. That "[t]he new ordinance may disadvantage [Plaintiffs] to a lesser degree than the old one" matters little because it still "disadvantages them in the same fundamental way." Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 662 (1993); see also Am. Charities at 332 n.2 (collecting Supreme Court and circuit precedent holding that new ordinances or laws did not moot the underlying dispute because they did not substantially alter the plaintiff's claimed injury).

But as the court points out, Plaintiffs did not raise the materiality of the change in the ordinance in their briefing, and the parties accordingly have not addressed the issue before this court. Ct. Op. at 9 n.3. Therefore, I would not address this argument based upon waiver.